COPY

1  Tammy Hussin (Bar No. 155290)
2  *Of Counsel*
   Lemberg & Associates LLC
3  6404 Merlin Drive
4  Carlsbad, CA 92011
   Telephone (855) 301-2100 ext. 5514
5  thussin@lemberglaw.com
6
   Lemberg & Associates, LLC
7  1100 Summer Street
8  Stamford, CT  06905
   Telephone:  (203) 653-2250
9  Facsimile:  (203) 653-3424
10
   Attorneys for Plaintiff, Beverly Todd
11
12
13           UNITED STATES DISTRICT COURT
14          CENTRAL DISTRICT OF CALIFORNIA
15                 WESTERN DIVISION
16
17  Beverly Todd,                    Case No.: **CV 11-8241-AJW**
18
19          Plaintiff,               **COMPLAINT FOR DAMAGES**
                                     **1. VIOLATION OF FAIR DEBT**
20     vs.                           **COLLECTION PRACTICES ACT,**
                                     **15 U.S.C. § 1692 ET. SEQ;**
21  Budzik & Dynia, LLC; and DOES 1-10,   **2. VIOLATION OF FAIR DEBT**
22  inclusive,                       **COLLECTION PRATICES ACT,**
                                     **CAL.CIV.CODE § 1788 ET. SEQ.**
23          Defendants.
24                                   **JURY TRIAL DEMANDED**
25
26
27
28
                                        COMPLAINT FOR DAMAGES

(Stamp, right margin:)
BY _____
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2011 OCT -4  AM 11: 27
FILED

For this Complaint, the Plaintiff, Beverly Todd, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Beverly Todd (hereafter "Plaintiff"), is an adult individual residing at 4859 W Slauson Ave, Los Angeles, California 90056, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Budzik & Dynia, LLC ("Budzik"), is an Illinois business entity with an address of 4345 North Milwaukee Avenue, Chicago, Illinois 60641, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

COMPLAINT FOR DAMAGES

6.      Does 1-10 (the "Collectors") are individual collectors employed by Budzik and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Budzik at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $5,000.00 (the "Debt") to Aspire Visa Credit Card (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Budzik for collection, or Budzik was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      Budzik Engages in Harassment and Abusive Tactics**

12.     Within the last year, Budzik contacted Plaintiff in an attempt to collect the Debt.

13.     Budzik contact Plaintiff at an excessive and harassing rate, sometimes causing Plaintiff's telephone to ring up to three times a day in an attempt to collect the Debt.

14.     Budzik threatened to immediately garnish Plaintiff's wages if the Debt was not immediately paid.

15.     Budzik threatened to file immediate legal action against Plaintiff if the Debt was not immediately paid. To date, no such action has been filed. Plaintiff is informed and believes that Budzik does not regularly institute legal action against debtors and as such had no intent to institute litigation against Plaintiff despite its threats to do so.

16.     Budzik used an aggressive and hostile tone with Plaintiff in an effort to intimidate her into immediately paying the Debt.

17.     Budzik's aggressive tones and threats of immediate litigation instilled fear and worry in Plaintiff, such that Plaintiff was coerced into agreeing to make payments to Budzik that she could not afford.

18.     Defendants failed to notify Plaintiff of her rights under federal and state law by written correspondence within five days after initial communication, including the right to dispute the Debt.

**C.** **Plaintiff Suffered Actual Damages**

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24.     The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

25.     The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

26.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

27.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

28.     The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

29.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

30.     The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

31.     The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

34.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

36.     Budzik & Dynia, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

37.     The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

38.     The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

39.     The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

40.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

41.     The Defendants falsely represented that the Plaintiff's debt would be increased by the addition of attorney's fees, investigation fees, service fees, finance charges or other charges, when the charges could not be legally added to the debt, in violation of Cal. Civ. Code § 1788.13(e).

42.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

43.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 4, 2011          TAMMY HUSSIN

By:   */s/   Tammy Hussin*
Tammy Hussin  *Of Counsel*
Lemberg & Associates
Attorney for Plaintiff, Beverly Todd